M. SHORTELL AND SON *vs.* HENRY J. CALNEN,
ADMINISTRATOR.

First Judicial District, Hartford, January Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

A finding made upon conflicting evidence will not be disturbed.

The trial court found that the plaintiff placed a large stock of shoes on consignment with the S. Company under an agreement that no sales should be made therefrom without confirmation by the plaintiff. Thereafter the S. Company shipped a large portion of the shoes, without securing the plaintiff's approval, to B, the defendant's intestate, who, as president of and a large stockholder in the S. Company, was thoroughly familiar with its financial condition, which was such that within a few' days after the transfer to him of the shoes, it was obliged to assign its accounts receivable to the M. Trust Company, including the account against B, which he later paid. The plaintiff brought this action to recover the agreed value of the shoes, for which the trial court rendered judgment. *Held:*

1. That the trial court's finding that the consignment contract was not an absolute sale and that the plaintiff retained title to the shoes, was justified by the evidence.

2. That the attempted sale of the shoes to B without plaintiff's approval, was a violation of the consignment contract and a wrongful exercise of dominion which did not effect a transfer of title to the S. Company.

3. That the trial court properly concluded that B was not an innocent purchaser or pledgee for value and that his payments to the M. Trust Company were not made by him in good faith as payments for the shoes.

4. That Chapter 106, § 21, Rule 4, of the Massachusetts Sale of Personal Property Act, did not govern the situation in the absence of plaintiff's assent to the attempted appropriation of the shoes by the S. Company and in the absence of good faith on the part of B.

Argued January 9th—decided February 23d, 1925.

ACTION to recover the reasonable value of a consignment of shoes, alleged to have been converted by the defendant's intestate, brought to the Superior Court in Hartford County and tried to the court, *Hinman, J.;*

judgment rendered for plaintiff for $5,013, and appeal by defendant. *No error.*

*David A. Wilson,* with whom was *Henry J. Calnen,* for the appellant (defendant).

*Albion B. Wilson,* with whom was *Guy C. Richards,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff, Shortell & Son, is a corporation whose factory was in Beverly, Massachusetts, and its office and place of business in Boston. Defendant is the administrator of one Battey, who was engaged in the retail business in Hartford. The Stearns Company was a corporation doing a large shoe business in Boston, in which defendant's intestate Battey was the owner of about one half of its stock, and, until his decease, a director and its president. For sometime prior to September, 1922, plaintiff had been doing business with the Stearns Company and had on hand a large quantity of shoes which were held in its factory, and plaintiff, being about to move its factory to Maine, endeavored to have the Stearns Company take these shoes and save their removal to Maine, and in September, 1922, by agreement between plaintiff and Stearns Company, all of these shoes were shipped by plaintiff to it. The shoes were billed unconditionally and charged to the Stearns Company on plaintiff's books, and this method indicated that the price would become payable immediately. The Stearns Company had sold about one half of these shoes prior to May, 1923, and for a considerable time prior to this date had been increasingly embarrassed financially. Battey was familiar with this situation, and on or before May 12th, 1923, plaintiff knew that the financial condition of Stearns Company was weak and its credit

impaired, and that liquidation of its affairs would be necessary and that its officers contemplated such action.    On or about May 11th, 1923, the Stearns Company shipped to Battey a part of these shoes and requested of plaintiff that the shoes so shipped be billed to Stearns Company, but plaintiff refused to confirm the shipment and bill the shoes.    On May 12th, 1923, Stearns Company shipped to Battey all of the shoes remaining and charged the same to him.    On May 16th, 1923, the Massachusetts Trust Company obtained from Stearns Company an assignment to it of all of its accounts receivable, including that against Battey, as additional security for its obligations to the Trust Company.    Battey owed Stearns Company and at once paid this amount, and a further sum to the Trust Company, and claimed that this was in payment for the shoes delivered to him by Stearns Company. At the time of these shipments and thereafter, Battey knew of the critical financial condition of the Stearns Company.

The parties were at issue as to whether this shipment of shoes to the Stearns Company was an absolute sale, or was on consignment merely with the title remaining in plaintiff.    The facts found in paragraph twelve were found on conflicting evidence and cannot be disturbed, and conclusively determine that the shipment was on consignment and did not pass title to the Stearns Company.    Paragraph twelve is as follows: The Stearns Company immediately notified plaintiff that the shoes would not be received as billed, nor unless some arrangement be made whereby payment for the shipment would not be demanded all at once, and the parties then agreed that the shoes be taken by the Stearns Company on consignment, and it to notify plaintiff of any proposed sale from this shipment, and

if the sale was confirmed by plaintiff the shoes would be billed to the Stearns Company and paid for by it.

From this arrangement it followed, as matter of law, too clear to justify discussion, that the Stearns Company had no right to sell these goods so shipped to it on consignment until approval of plaintiff had been obtained by it, nor could the title to the shoes pass to it as soon as it exercised any jurisdiction over them.

The evidence further fully supports paragraph thirty-two of the finding: At the time of the shipments to Battey, and when he made payment to the Trust Company, he knew the financial condition of Stearns Company and the terms upon which it held such goods, and that it had no right to sell or ship the shoes to Battey without confirmation of the sale by plaintiff. The conclusions of the trial court that Battey was not an innocent purchaser, or pledgee, for value, and that the payments by him to the Trust Company were not made by him in good faith in payment for his indebtedness for the shoes, were the only conclusions which could have been reached upon the facts found.

The claim that Chapter 106, § 21, Rule 4, of the Massachusetts Sales of Personal Property Act, governs this situation, is not well taken. This Act is not applicable, for the reasons assigned by the trial court. The Stearns Company, by refusing to accept the billing of the shoes in September, itself withheld assent to an attempted appropriation by plaintiff, if indeed the transaction might be regarded as such an appropriation; and, likewise, if the shipments to Battey in May, 1923, could be regarded as an attempted appropriation, assent thereto was not given by plaintiff; and, further, the Act required good faith on the part of Battey to make it available for defendant.

The other assignments of error do not require consideration.

There is no error.

In this opinion the other judges concurred, except KELLOGG, J., who concurred in the result, but died before the opinion was written.